## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into this ____ day of April 2016 by and among Plaintiffs, Miguel Neira and Efrain Calle (collectively "Plaintiffs"), and Defendants, Broadway Stages, Ltd., 32-14 Realty Co., Inc., Diamond Street Properties Inc., Anoroc Realty, Luna Lighting Inc., Jewel Street Realty, Kingsland 359 LLC, Freeman Street Properties LLC, King's Land Realty, Anthony Argento and Gina Argento (collectively "Defendants").

**WHEREAS,** Plaintiffs were employed by Defendants;

**WHEREAS,** Plaintiffs have asserted claims in the United States District Court, Eastern District of New York, in the case entitled *Miguel Neira and Efrain Calle, individually and on behalf of other persons similarly situated, v. Broadway Stages, Ltd., 32-14 Realty Co., Inc., Diamond Street Properties Inc., Anoroc Realty, Luna Lighting Inc., Jewel Street Realty, Kingsland 359 LLC, Freeman Street Properties LLC, King's Land Realty, Anthony Argento and Gina Argento,* Case No. 15-CV-04616 (the "Lawsuit"), alleging an action for damages to recover unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA") and New York Labor Law §§ 162, 190 et seq., 193, 198, 650 et seq. and 663, as amended by the Wage Theft Prevention Act of 2011, 12 N.Y.C.R.R. § 142 ("NYLL");

**WHEREAS,** Defendants deny all of the claims that Plaintiffs assert in the Lawsuit;

**WHEREAS,** the parties desire to fully and finally resolve all controversies and disputes existing between them that were, or could have been, alleged relating to or arising out of the Lawsuit on the terms set forth herein without the admission of any facts or liability;

**WHEREAS,** the plaintiffs acknowledge that they are knowingly and voluntarily entering into this agreement without duress or undue influence;

90681 v1

**WHEREAS**, the parties agree that resolution of the Lawsuit on the terms set forth herein constitutes a fair and reasonable compromise of the disputed issues;

**WHEREAS**, the parties agree that resolution of the Lawsuit on the terms set forth herein takes into consideration Plaintiffs' range of possible recovery;

**WHEREAS**, the parties agree that resolution of the Lawsuit on the terms set forth herein will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;

**WHEREAS**, the parties agree that resolution of the Lawsuit on the terms set forth herein takes into consideration the seriousness of the litigation risks faced by the parties;

**WHEREAS**, the parties agree that resolution of the Lawsuit on the terms set forth herein is the product of arms-length bargaining between experienced counsel;

**WHEREAS**, the parties agree that resolution of the Lawsuit on the terms set forth herein is not the product of fraud or collusion;

**WHEREAS,** it is agreed and understood that this settlement is entered into, before discovery of any putative class or collective, solely by the individual named plaintiffs, Miguel Neira and Efrain Calle, without prejudice to the rights of the putative class or collective; and

**NOW, THEREFORE**, in consideration of the mutual promises contained herein, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound, **HEREBY AGREE AS FOLLOWS:**

1. The recitals above constitute representations and warranties of the parties and are material terms of the settlement. In full consideration of the execution of this Agreement by Plaintiffs, and his agreement to be legally bound by its terms, Defendants shall pay Plaintiffs, Miguel Neira and Efrain Calle, a total gross payment of $120,000 (One Hundred Twenty

Thousand Dollars), in full settlement of the Lawsuit (the "Settlement Amount"). Defendants shall deliver to Plaintiffs' attorneys the Settlement Amount in five Installments ("Settlement Installments") following execution and approval of this Settlement Agreement by the court ("Approval Date"), as follows:

a.      Within five (5) days following the Approval Date, two checks: 1) a check in the amount of Thirty Seven Thousand Five Hundred Dollars ($37,500) payable to "Miguel Neira"; and 2) a check in the amount of Twelve Thousand Five Hundred Dollars ($12,500) payable to "Efrain Calle";

b.      Within thirty (35) days following the Approval Date, two checks: 1) a check in the amount of Five Thousand Dollars ($5,000) payable to "Miguel Neira,"; and 2) a check in the amount of Twelve Thousand Five Hundred Dollars ($12,500) payable to "Efrain Calle";

c.      Within sixty five (65) days following the Approval Date, one check in the amount of Seventeen Thousand Five Hundred Dollars ($17,500) payable to "Miguel Neira";

d.      Within ninety five (95) days following the Approval Date, one check in the amount of Seventeen Thousand Five Hundred Dollars ($17,500) payable to "Conover Law Offices";

e.      Within one hundred and twenty five (125) days following the Approval Date, one check in the amount of Seventeen Thousand Five Hundred Dollars ($17,500) payable to "Conover Law Offices";

f.      The Installment Payments shall be reported by defendants to the taxing authorities via a IRS Form 1099 issued respectively to the payees, Miguel Neira, Efran Calle and Conover Law Offices.

2.      Defendants agree that time is of the essence with respect to the payment of the Settlement Installments as more fully set forth in Paragraph 1 above. In accord, on or before 10 days after Defendants' counsel's receipt of this Agreement executed by Plaintiffs, Defendants shall deliver to Plaintiff's Counsel the Affidavits of Confession of Judgment in the amount of $140,000, attached hereto as Exhibits B, C and D, executed by Defendants. The Affidavits of Confession of Judgment shall be in escrow by Plaintiffs' Counsel and shall not be filed with the Court or enforced except in accordance with paragraph 3 below.

3.      In the event of default of timely payment of any Settlement Installment on the dates due, as described in paragraph 1(a) through (e) above, and in the event that Defendants fail to cure the default within five (5) business days after notice of default to Defendants' attorney, by email to shans@hansassociates.com, Plaintiffs, without further notice and in accordance with CPLR §3215(i)(1), may file judgment against Defendants for compensatory damages, attorneys' fees and costs in this Action, in the agreed amount of $140,000, plus interest, less the amount of the Settlement Installments paid by Defendants prior to default. In said event, Defendants consent to the entry of judgment against them. In accordance with CPLR §3215(i)(1), Judgment may be entered by the Clerk of the Court upon the filing of an Affidavits of Confession of Judgment, a copy of this Settlement Agreement and an affidavit as to the Defendants' default in timely payment, failure to timely cure and the amount due. Defendants waive all defenses to the entry of judgment, except payment. The parties agree and consent that the court in this Action shall retain jurisdiction to enforce this Agreement.

4.      Plaintiffs, Miguel Neira and Efrain Calle, for and in consideration of the undertakings of Defendants set forth herein, and intending to be legally bound, does hereby RELEASE AND FOREVER DISCHARGE, relieve, waive, and relinquish Defendants,

4

Broadway Stages, Ltd., 32-14 Realty Co., Inc., Diamond Street Properties Inc., Anoroc Realty, Luna Lighting Inc., Jewel Street Realty, Kingsland 359 LLC, Freeman Street Properties LLC, King's Land Realty, Anthony Argento and Gina Argento, including all present and future affiliates, subsidiaries, including but not limited to predecessors, successors and assigns thereof, and the partners, members, stockholders, owners, trustees, beneficiaries, officers, directors, employees, consultants, attorneys, and agents of any of the foregoing entities, whether acting as agents for any of these entities or in their individual capacities, from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which he had, now has or hereafter can, shall or may have, or which his heirs, executors or administrators hereafter may have by reason of, arising out of, or relating to the Lawsuit, including, but not limited to, claims under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA") and New York Labor Law §§ 162, 190 et seq., 193, 198, 650 et seq. and 663, as amended by the Wage Theft Prevention Act of 2011, 12 N.Y.C.R.R. § 142 ("NYLL"), and any claims which were or could have been asserted based on the facts alleged in the Complaint and facts known, or which could or should have been known, to the Plaintiff, from the beginning of the world until the date of this Agreement, except that this Agreement shall not release, waive or prejudice in any way, any pending worker's compensation claims by Plaintiffs or defenses available to Defendants related to physical injuries occurring in the course of Plaintiffs' employment with Defendants.

5

5.  This Agreement is conditioned upon final approval of the terms set forth herein by the court, which will be the subject of a fairness hearing before the court. The rights and obligations set forth herein shall not take effect until this Agreement is So-Ordered by the court.

6.  Within ten (10) days following approval and entry of this Agreement by the court, Plaintiff shall file with the Court the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit A, indicating that the Lawsuit is dismissed with prejudice and each side shall bear its own attorneys' fees and costs. The Court, however, shall retain jurisdiction to enforce the terms of this Settlement Agreement.

7.  Plaintiffs agree and acknowledge that this Agreement is not, and shall not be construed to be, an admission of any violation of any federal, state or local statute, ordinance or regulation, of any duty owed by Defendants to Plaintiffs, or liability for any of the claims asserted in the Lawsuit.

8.  This Agreement and the obligations of the parties hereunder shall be construed, interpreted and enforced in accordance with the laws of the State of New York.

9.  Plaintiffs hereby certify and acknowledge that: (a) no promise or inducement for this Agreement has been made to them except as set forth in this Agreement; (b) this Agreement is executed by Plaintiffs without reliance upon any statement or representation by Defendants other than as set forth herein; (c) Plaintiffs have read and fully understands this Agreement and the meaning of its provisions; (d) Plaintiffs fully understand that they are giving up important rights as against Defendants; (e) Plaintiffs are fully competent to enter into this Agreement and to accept full responsibility therefore; and (f) Plaintiffs are advised hereby in writing to consult with counsel before entering into this Agreement. Plaintiffs hereby affirm that: they have read

6

and understand all the terms and conditions of this Agreement; and they knowingly and voluntarily consent, and agree to adhere, to all of the terms and conditions of this Agreement.

10.     This Agreement may be executed in counterparts, including by email or facsimile, each of which shall be deemed an original, but all of which together shall constitute the entire Agreement.

11.     The parties acknowledge that this Agreement represents the combined efforts of negotiation and drafting of the parties and that any ambiguity shall not be construed against any party.

12.     This Agreement shall not be modified in any way except by a writing signed by all parties hereto.

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, the parties hereby execute the foregoing Confidential Settlement Agreement and General Release.

**DEFENDANTS**                                    **PLAINTIFFS**
BROADWAY STAGES, LTD.,
32-14 REALTY CO., INC.,
DIAMOND STREET PROPERTIES INC.,
ANOROC REALTY,
LUNA LIGHTING INC.,
JEWEL STREET REALTY,
KINGSLAND 359 LLC,
FREEMAN STREET PROPERTIES LLC, and
KING'S LAND REALTY
BY: _____
Title: Anthony Argento   President
Date: _____ 4/15/16

_____            _____
ANTHONY ARGENTO                     MIGUEL NEIRA
Date: 4/19/16                       Date: _____

_____            _____
GINA ARGENTO                        EFRAIN CALLE
Date: 4/14/16                       Date: _____

7

and understand all the terms and conditions of this Agreement; and they knowingly and
voluntarily consent, and agree to adhere, to all of the terms and conditions of this Agreement.

10.     This Agreement may be executed in counterparts, including by email or facsimile,
each of which shall be deemed an original, but all of which together shall constitute the entire
Agreement.

11.     The parties acknowledge that this Agreement represents the combined efforts of
negotiation and drafting of the parties and that any ambiguity shall not be construed against any
party.

12.     This Agreement shall not be modified in any way except by a writing signed by
all parties hereto.

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, the parties hereby
execute the foregoing Confidential Settlement Agreement and General Release.

**DEFENDANTS**                                          **PLAINTIFFS**
BROADWAY STAGES, LTD.,
32-14 REALTY CO., INC.,
DIAMOND STREET PROPERTIES INC.,
ANOROC REALTY,
LUNA LIGHTING INC.,
JEWEL STREET REALTY,
KINGSLAND 359 LLC,
FREEMAN STREET PROPERTIES LLC, and
KING'S LAND REALTY
BY:_____               _Miguel Neira_
Title:_____              MIGUEL NEIRA
Date:_____               Date:_04/12/16_

_____              _Efrain Calle_
ANTHONY ARGENTO                              EFRAIN CALLE
Date:_____               Date:_04-12/16_

_____
GINA ARGENTO
Date:___ _____

7

**Exhibit A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────────────────────────

ECF Case

MIGUEL NEIRA and EFRAIN CALLE, individually and on
behalf of other persons similarly situated,

Case No.: 15-CV-04616

**STIPULATION OF**
**DISMISSAL**

Plaintiffs,

-against-

BROADWAY STAGES, LTD., 32-14 REALTY CO., INC.,
DIAMOND STREET PROPERTIES INC., ANOROC
REALTY, LUNA LIGHTING INC., JEWEL STREET
REALTY, KINGSLAND 359 LLC, FREEMAN STREET
PROPERTIES LLC, KING'S LAND REALTY,
ANTHONY ARGENTO and GINA ARGENTO,

Defendants.

───────────────────────────────────────

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned,

that all claims asserted in the above-captioned action, are hereby dismissed, with prejudice as to

the named plaintiffs, Miguel Neira and Efrain Calle, only, and with each party to bear their own

attorneys' fees and costs.

By:_____           By:_____
   Bradford D. Conover                     Stephen Hans, Esq.
   CONOVER LAW OFFICES    4/12/16          Stephen D. Hans & Associates, P.C.
   345 Seventh Ave. 21st Fl.               45-18 Court Square, Suite 403
   New York, New York 10001                Long Island City, New York 11101
   (212) 588-9080                          (718) 275-6700
   brad@conoverlaw.com                     shans@hansassociates.com
   *Attorney for Plaintiff*                *Attorney for Defendants*

SO ORDERED:

_____
U.S.D.J.

8

## Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

ECF Case

MIGUEL NEIRA and EFRAIN CALLE, individually and on
behalf of other persons similarly situated,

Case No.: 15-CV-04616

**STIPULATION OF**
**DISMISSAL**

Plaintiffs,

-against-

BROADWAY STAGES, LTD., 32-14 REALTY CO., INC.,
DIAMOND STREET PROPERTIES INC., ANOROC
REALTY, LUNA LIGHTING INC., JEWEL STREET
REALTY, KINGSLAND 359 LLC, FREEMAN STREET
PROPERTIES LLC, KING'S LAND REALTY,
ANTHONY ARGENTO and GINA ARGENTO,

Defendants.

_____

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned,

that all claims asserted in the above-captioned action, are hereby dismissed, with prejudice as to

the named plaintiffs, Miguel Neira and Efrain Calle, only, and with each party to bear their own

attorneys' fees and costs.

By:_____

    Bradford D. Conover
    CONOVER LAW OFFICES
    345 Seventh Ave. 21st Fl.
    New York, New York 10001
    (212) 588-9080
    brad@conoverlaw.com
    *Attorney for Plaintiff*

By:_____

    Stephen Hans, Esq.
    Stephen D. Hans & Associates, P.C.
    45-18 Court Square, Suite 403
    Long Island City, New York 11101
    (718) 275-6700
    shans@hansassociates.com
    *Attorney for Defendants*

SO ORDERED:

_____
U.S.D.J.

8

**EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK _____

**CREDITORS**
MIGUEL NEIRA and EFRAIN CALLE,
        Plaintiffs,

                                                Index No. _____.

        against

                                                **AFFIDAVIT OF**
**DEBTORS**                                     **CONFESSION**
BROADWAY STAGES, LTD., 32-14 REALTY CO.,        **OF JUDGMENT**
INC., DIAMOND STREET PROPERTIES INC.,
ANOROC REALTY, LUNA LIGHTING INC., JEWEL
STREET REALTY, KINGSLAND 359 LLC, FREEMAN
STREET PROPERTIES LLC, KING'S LAND REALTY,
ANTHONY ARGENTO and GINA ARGENTO,
        Defendants.

STATE OF NEW YORK      )
COUNTY OF NEW YORK  ) ss.:

        Anthony Argento, being duly sworn, deposes and says:

        1.      That deponent is duly authorized to make this affidavit on behalf of the corporate

defendants herein, Broadway Stages, Ltd., 32-14 Realty Co., Inc., Diamond Street Properties

Inc., Anoroc Realty, Luna Lighting Inc., Jewel Street Realty, Kingsland 359 LLC, Freeman

Street Properties LLC, and King's Land Realty, New York corporations with offices located at

203 Meserole Ave., Brooklyn, NY 11222.

        2.      Anthony Argento, as President of Broadway Stages, Ltd., 32-14 Realty Co., Inc.,

Diamond Street Properties Inc., Anoroc Realty, Luna Lighting Inc., Jewel Street Realty,

Kingsland 359 LLC, Freeman Street Properties LLC, and King's Land Realty, hereby confesses

judgment herein and consents to the entry thereof against in the Supreme Court of the State of

New York, New York County, New York.

        3.      This confession of judgment is for a debt justly due to the Creditors, Miguel Neira

and Efrain Calle, arising from the following facts:

2

a.   Pursuant to a Settlement Agreement and Release, dated March __, 2016, between the Plaintiffs/Creditors, Miguel Neira and Efrain Calle, and Defendants/Debtors, Broadway Stages, Ltd., 32-14 Realty Co., Inc., Diamond Street Properties Inc., Anoroc Realty, Luna Lighting Inc., Jewel Street Realty, Kingsland 359 LLC, Freeman Street Properties LLC, and King's Land Realty, Anthony Argento and Gina Argento, the Debtors defaulted in payment due Creditors in settlement of claims for unpaid wages pursuant to the Fair Labor Standards Act and the New York Labor Laws in an action entitled brought in the United States District Court for the Eastern District of New York.

b.   Anthony Argento has executed this affidavit and authorizes entry of judgment against Defendants/Debtors, Broadway Stages, Ltd., 32-14 Realty Co., Inc., Diamond Street Properties Inc., Anoroc Realty, Luna Lighting Inc., Jewel Street Realty, Kingsland 359 LLC, Freeman Street Properties LLC, and King's Land Realty, and in favor of the Plaintiff/Creditors, Miguel Neira and Efrain Calle, in the amount of $140,000, less the amount of any installment payments made by Defendants prior to default, plus interest at the rate set forth in Section 14-a of the New York Banking Law.

THE DEBTORS

By: Anthony Argento, as President of
Broadway Stages, Ltd.,
32-14 Realty Co., Inc.,
Diamond Street Properties Inc.,
Anoroc Realty,
Luna Lighting Inc.,
Jewel Street Realty,
Kingsland 359 LLC,
Freeman Street Properties LLC, and
King's Land Realty

Sworn to before me this __
day of March, 2016.

_____
Notary Public



3

**EXHIBIT C**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**CREDITORS**
MIGUEL NEIRA and EFRAIN CALLE,
     Plaintiffs,

          Index No. _____

    against

**DEBTORS**
BROADWAY STAGES, LTD., 32-14 REALTY CO.,
INC., DIAMOND STREET PROPERTIES INC.,
ANOROC REALTY, LUNA LIGHTING INC., JEWEL
STREET REALTY, KINGSLAND 359 LLC, FREEMAN
STREET PROPERTIES LLC, KING'S LAND REALTY,
ANTHONY ARGENTO and GINA ARGENTO,
     Defendants.

**AFFIDAVIT OF
CONFESSION
OF JUDGMENT**

STATE OF NEW YORK   )
COUNTY OF NEW YORK ) ss.:

     Anthony Argento, being duly sworn, deposes and says:

     1.    Anthony Argento hereby confesses judgment herein and consents to the entry

thereof against in the Supreme Court of the State of New York, New York County, New York.

     2.    This confession of judgment is for a debt justly due to the Creditors, Miguel Neira

and Efrain Calle, arising from the following facts:

     a.    Pursuant to a Settlement Agreement and Release, dated March \_\_, 2016,

between the Plaintiffs/Creditors, Miguel Neira and Efrain Calle, and the Debtors/Defendants,

Broadway Stages, Ltd., 32-14 Realty Co., Inc., Diamond Street Properties Inc., Anoroc Realty,

Luna Lighting Inc., Jewel Street Realty, Kingsland 359 LLC, Freeman Street Properties LLC,

and King's Land Realty, Anthony Argento and Gina Argento, the Debtors defaulted in payment

due Creditors in settlement of claims for unpaid wages pursuant to the Fair Labor Standards Act

and the New York Labor Laws in an action entitled brought in the United States District Court

for the Eastern District of New York.

2

b. Anthony Argento has executed this affidavit and authorizes entry of judgment against himself and in favor of Creditors, Miguel Neira and Efrain Calle, in the amount of $140,000, less the amount of any installment payments made by Defendants prior to default, plus interest at the rate set forth in Section 14-a of the New York Banking Law.

THE DEBTOR

Anthony Argento

Sworn to before me this 12
day of ~~March~~ April, 2016.

Notary Public

NOTARY PUBLIC
LAUREN E RODRIGUEZ
No. 02RO6312851
Exp. 10/06/18
KINGS COUNTY
STATE OF NEW YORK

**EXHIBIT D**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**CREDITORS**
MIGUEL NEIRA and EFRAIN CALLE,
     Plaintiffs,

                              Index No. _____

     against

**DEBTORS**
BROADWAY STAGES, LTD., 32-14 REALTY CO.,
INC., DIAMOND STREET PROPERTIES INC.,
ANOROC REALTY, LUNA LIGHTING INC., JEWEL
STREET REALTY, KINGSLAND 359 LLC, FREEMAN
STREET PROPERTIES LLC, KING'S LAND REALTY,
ANTHONY ARGENTO and GINA ARGENTO,
          Defendants.

**AFFIDAVIT OF
CONFESSION
OF JUDGMENT**

STATE OF NEW YORK   )
COUNTY OF NEW YORK  ) ss.:

       Gina Argento, being duly sworn, deposes and says:

       1.     Gina Argento hereby confesses judgment herein and consents to the entry thereof

against in the Supreme Court of the State of New York, New York County, New York.

       2.     This confession of judgment is for a debt justly due to the Creditors, Miguel Neira

and Efrain Calle, arising from the following facts:

       a.     Pursuant to a Settlement Agreement and Release, dated March __, 2016,

between the Plaintiffs/Creditors, Miguel Neira and Efrain Calle, and the Debtors/Defendants,

Broadway Stages, Ltd., 32-14 Realty Co., Inc., Diamond Street Properties Inc., Anoroc Realty,

Luna Lighting Inc., Jewel Street Realty, Kingsland 359 LLC, Freeman Street Properties LLC,

and King's Land Realty, Anthony Argento and Gina Argento, the Debtors defaulted in payment

due Creditors in settlement of claims for unpaid wages pursuant to the Fair Labor Standards Act

and the New York Labor Laws in an action entitled brought in the United States District Court

for the Eastern District of New York.

<div align="center">2</div>

        b.      Gina Argento has executed this affidavit and authorizes entry of judgment

against herself and in favor of Creditors, Miguel Neira and Efrain Calle, in the amount of

$140,000, less the amount of any installment payments made by Defendants prior to default, plus

interest at the rate set forth in Section 14-a of the New York Banking Law.

THE DEBTOR

Gina Argento

Sworn to before me this _12_
day of March, 2016.

Notary Public

